### 45862. KNIGHT v. UNITED STATES FIDELITY & GUARANTY COMPANY et al.

BELL, Chief Judge. Plaintiff brought three separate actions to recover damages for a loss caused by fire under the fire insurance policies issued by the three defendants. The trial court granted the defendants' motions for summary judgment.

1. The defendant Merchants Fire Insurance Corporation of New York contemporaneously with filing its answer filed a motion to quash the service and return of process on the ground that the agent named in the complaint and in the return of service was not in fact served and that service has not been effectively made on the defendant. This motion and the answer were filed on December 21, 1967. The record does not reflect that the trial court ever acted on the motion. On January 20, 1969, this defendant filed a motion for summary judgment on the ground of insufficiency of service of process. In support of this motion two affidavits were submitted which show that the summons and complaint were not personally served upon defendant's designated agent for service of process but were left with his secretary during his absence from his office. This motion was set for hearing on March 11, 1969. On February 9, 1970, all of the defendants took the deposition of the plaintiff. On February 10, 1970, this defendant filed another motion for summary judgment "on the whole case" contending that there was no coverage under the policy, the premises having been vacant or unoccupied beyond the period of 60 days and relying on the pleadings and the deposition of the plaintiff. On September 11,

1970, the trial court entered an order sustaining the defendants' motions for summary judgment. This order, which forms the basis of this appeal, is silent as to whether the motion was granted on the merits of plaintiff's claim or on the alleged defect in the service, or both. The defenses enumerated in § 12 (b) of the Civil Practice Act except (6), failure to state a claim upon which relief can be granted, are matters in abatement that are not within the scope of the summary judgment procedure, as a motion for summary judgment applies to the merits of the claim or to matters in bar but not to matters in abatement. *Code Ann.* § 81A-112 (b). *Lamex v. Sterling Extruder Corp.,* 109 Ga. App. 92 (135 SE2d 445); Heyward v. Public Housing Administration, 238 F2d 689; 6 Moore's Federal Practice, p. 2034, § 56.02[3]. The objection to the service of process falls within the category of the defense of insufficiency of service of process under § 12 (b) (5) of the Civil Practice Act. Consequently, the court would not be authorized to grant the motion for summary judgment on this ground.

2. Each of the three fire insurance policies had a vacancy or unoccupancy clause as follows: "Conditions suspending or restricting insurance. Unless otherwise provided in writing added hereto this company shall not be liable for loss occurring . . . (b) while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond the period of 60 consecutive days . . ." It is undisputed that the property was insured as a service station and restaurant and was closed for business by the plaintiff in June, 1964. The fire occurred on November 13, 1966. Initially, we point out that a breach of these insurance contracts by reason of vacancy or unoccupancy for more than a 60-day period does not render the policies void. This provision merely suspends the insurance and the policy coverage may be revived by compliance with its terms before loss. *Athens Mutual Ins. Co. v. Toney,* 1 Ga. App. 492 (57 SE 1013). No definition of the terms "vacant" or "unoccupied" are contained in the policies. Our research reveals the lack of any Georgia cases construing the meaning of these terms. However, these words have been the subject of many decisions in other jurisdictions. The general definition of "vacant" is that it means

empty or deprived of contents or without inanimate objects. 8 Couch on Insurance 2d, pp. 422, 425, §§ 37:845, 37:848; Black's Law Dictionary, 4th Ed. The meaning of the term "unoccupied" can vary depending upon the nature of the property insured, i.e., whether it is a dwelling house, a store, restaurant, school or a church. It should be construed with reference to the nature and character of the building for the use contemplated by the parties. See Annot. 158 ALR 894. When these terms are used in the disjunctive, as they are here, they cannot be considered to be synonymous or complementary. The testimony of the plaintiff shows that at the time she closed her business in 1964 all of the restaurant equipment, fixtures, booths, stools, coffee urn and stove were left in the building. In August, 1966, she decided to reopen. In connection with her intention to reopen, she testified she had purchased and installed a new refrigerator on the premises, installed a music box, electrical service was re-connected and she had the kitchen area painted. These activities according to her testimony all occurred at varying times, ranging from two weeks to not later than one month prior to the fire. From the plaintiff's testimony that there was restaurant equipment within the premises at the time of the fire, it cannot be concluded as a matter of law that the premises were vacant for the period specified by the policies so as to preclude recovery on the ground of vacancy. Notwithstanding this, if the evidence on motion for summary judgment conclusively shows that the property was unoccupied for more than 60 days prior to the fire, then the defendants are of course entitled to summary judgment. However, as we construe the evidence, it does not conclusively show that the property was unoccupied for more than 60 days prior to the fire. Her testimony concerning installing new equipment, painting the interior, and reconnecting the electrical service are all activities consistent with making the premises ready for use for the very purpose for which it was insured. These activities are also all reasonably consistent with occupancy within the meaning of the policies. See Limbaugh v. Columbia Ins. Co. (Mo.), 368 S. W. 2d 921; Rainwater v. Maryland Cas. Co., 252 S. C. 570 (166 SE2d 546). There is nothing in the policies from which it can be construed that the

insured premises had to be open to the public in order to be occupied. Thus, there are issues of material fact for jury resolution. The judgments granting summary judgments were erroneous and are

*Reversed. Pannell and Deen, JJ., concur.*

Argued January 5, 1971—Decided June 2, 1971.

*Harris, Russell & Watkins, Joseph H. Davis,* for appellant.

*Anderson, Walker & Reichert, Albert P. Reichert, Jr.,* for appellee.