## A02A1328. SOREMA NORTH AMERICAN REINSURANCE COMPANY v. JOHNSON.

(574 SE2d 377)

ELLINGTON, Judge.

Sorema North American Reinsurance Company d/b/a Fulcrum Insurance Company ("Fulcrum") appeals from a superior court order granting summary judgment to Ronald J. Johnson. The superior court concluded that Fulcrum was liable under a policy of insurance for vandalism damage to a vacant building Johnson purchased from Fulcrum's insured, Emergent Financial Corporation ("Emergent"). Fulcrum, however, contends that it is entitled to summary judgment and that the trial court found coverage only by misconstruing the policy's vacancy exclusion. We agree and reverse.

Summary judgment is appropriate under OCGA § 9-11-56 "when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Dover v. Mathis*, 249 Ga. App. 753 (549 SE2d 541) (2001). We apply a de novo standard of appellate review and "view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." (Footnote omitted.) Id. See *Lau's Corp. v. Haskins*, 261 Ga. 491

---

[1] *Jefferson Randolph Corp. v. Progressive Data Systems*, 251 Ga. App. 1 (553 SE2d 304) (2001).

(405 SE2d 474) (1991). Viewed in this light, the record reveals the following undisputed facts.

On July 1, 1998, Fulcrum issued a policy of insurance to Emergent. The policy covered a building Emergent acquired through foreclosure from Frost Foods, Inc., a meat packing business. Frost Foods ceased operating sometime before the foreclosure, but left inventory and equipment in the building. Upon acquiring the property, Emergent began selling the inventory and marketing the building for sale. Some of Emergent's liquidating and marketing activities initially took place in the building; however, it is undisputed that no Emergent employee or agent worked inside or visited the building after the month of August 1998.

In September 1998, Johnson contracted to buy the building "as is" from Emergent. The sale closed on November 12, 1998. The next day, Johnson discovered the building had been damaged by vandals. Johnson reported the vandalism to Emergent, and Emergent filed a proof of loss with Fulcrum. Emergent reported the date of loss as November 13, 1998. Fulcrum denied the claim, stating the loss was not covered because the building had been vacant for more than 60 days prior to the loss.

Johnson sued Emergent for damages to the building. The court awarded summary judgment to Emergent, but assigned Johnson whatever rights Emergent may have had to insurance proceeds from Fulcrum. Johnson then sued Fulcrum, both parties moved for summary judgment, and the court found in Johnson's favor. It is from this grant of summary judgment that Fulcrum appeals.

The policy of insurance contains the following relevant provisions:

6. Vacancy
a. Description of Terms
(1) As used in this Vacancy Condition, the term building and the term vacant have the meanings set forth in (1) (a) and (1) (b) below: . . .
(b) When this policy is issued to the owner of a building, building means the entire building. Such building is vacant when 70% or more of its square footage:
(i) Is not rented; or
(ii) Is not used to conduct customary operations. . . .
b. Vacancy Provisions
If the building where loss or damage occurs has been vacant for more than 60 consecutive days before that loss or damage occurs:
(1) We will not pay for any loss or damage caused by any of the following even if they are Covered Causes of Loss:
(a) Vandalism. . . .

In three related enumerations of error, Fulcrum contends the trial court misconstrued the policy's vacancy exclusion. Fulcrum argues the vacancy exclusion is plain and unambiguous and, when applied to the facts of this case, entitles it to summary judgment.

> Under Georgia law, an insurance company is free to fix the terms of its policies as it sees fit, so long as they are not contrary to the law, and it may insure against certain risks while excluding others. As is true with all contracts, unambiguous terms in an insurance policy require no construction, and their plain meaning will be given full effect, regardless of whether they might be of benefit to the insurer, or be of detriment to an insured.

(Footnotes omitted.) *Payne v. Twiggs County School Dist.*, 269 Ga. 361, 363 (2) (496 SE2d 690) (1998).

We find nothing ambiguous in Fulcrum's vacancy exclusion. It plainly states that vandalism damages are not covered when the insured building has been vacant for more than 60 consecutive days prior to the loss, as occurred in this case. The building was vacant, as defined in the policy, even though it contained some equipment that once belonged to Frost Foods. The policy provides that a building is vacant when it is "not rented" or when "70% or more of its square footage . . . is not used to conduct customary operations." The record contains no evidence suggesting that Emergent was physically using any portion of the building for any purpose related to its customary operations within the 60-day period prior to the date of loss. It admittedly did not conduct any of its lending, asset management, marketing, or liquidation operations from that location after August 1998.

The vacancy exclusion in Fulcrum's insurance policy is intended to protect the insurer from the higher risk of loss associated with property that is not attended. See *Will Realty Corp. v. Transp. Ins. Co.*, 22 Mass. App. 918, 919 (492 NE2d 372) (1986). Consequently, the policy contemplates that customary operations occur *on the insured premises*. See id.; *Belich v. Westfield Ins. Co.*, 2000 Ohio App. LEXIS 6212 (December 29, 2000) (construing identical vacancy exclusion). Thus, Johnson's position that the building was used as an asset in Emergent's customary asset management operations is unavailing.

Moreover, the mere fact that Frost Foods and Emergent left some meat packing equipment on the premises is insufficient, under these circumstances, as evidence that the building was not vacant — and the trial court erred in relying in part on *Knight v. U. S. Fidelity &c. Co.*, 123 Ga. App. 833, 834 (2) (182 SE2d 693) (1971), in so finding. In *Knight*, this Court defined "vacant" as "deprived of contents or

without inanimate objects." Id. at 834-835 (2). We derived that definition from secondary legal sources because the policy at issue did not define the term. Id. at 834 (2). In the instant case, the court below was not authorized to substitute this or any other definition of the term "vacant" for the one in the insurance policy when the policy plainly and unambiguously defined the term. OCGA § 13-2-3; *Reuss v. Time Ins. Co.*, 177 Ga. App. 672, 673 (340 SE2d 625) (1986) ("Where the language of the contract is plain, unambiguous, and capable of only one reasonable interpretation, no other construction is permissible.") (citations omitted). Moreover, *Knight* is distinguishable because the facts of that case supported an inference that the insured was occupying the premises — she had recently painted it, renewed utility service, added new equipment, and planned to re-open the building soon for the purpose for which it had been insured. See *Knight v. U. S. Fidelity &c. Co.*, 123 Ga. App. at 835 (2). In the instant case, there is no evidence that Emergent engaged in such activities during the 60 days prior to the date of loss. Given these facts, the trial court should have concluded that the building was vacant within the meaning of the policy, that the vacancy exclusion denied Johnson coverage, and that Fulcrum was entitled to summary judgment.

*Judgment reversed. Smith, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 8, 2002 ▇▇▇▇▇▇▇▇

*Weinberg, Wheeler, Hudgins, Gunn & Dial, John C. Bonnie, Howard J. Russell*, for appellant.

*Moore, Ingram, Johnson & Steele, John H. Moore, Tara C. Riddle*, for appellee.