## A03A1067. NATIONWIDE MUTUAL FIRE INSURANCE COMPANY v. SOMERS et al.
### (591 SE2d 430)

PER CURIAM.

Nationwide Mutual Fire Insurance Company appeals the grant of summary judgment to Deborah Somers, John Connolly and Margie Connolly, d/b/a Sunrise Memorial Gardens ("Sunrise"), John Connolly and Margie Connolly, d/b/a Easley Marble Company ("Easley"), Amanda Conant, and Phillip Ronald Woodall in the declaratory judgment action that Nationwide filed against them. Nationwide's complaint for a declaratory judgment alleged that it was uncertain about its rights and obligations under a commercial general liability policy it issued to Sunrise and asked the superior court for a declaratory judgment defining its rights and obligations and the legal relationships of the parties.

Somers is the plaintiff in an action against Sunrise alleging that Sunrise entered into a perpetual care contract that was assigned to her and that, under that contract, her son was buried at Sunrise. She contends that Sunrise breached the contract by failing to maintain

the grave site and allowing it to be desecrated. She demanded compensatory and punitive damages and attorney fees.[1]

Sunrise demanded that Nationwide provide coverage under its Nationwide policy, but Nationwide contends one or more of the exclusions in the policy apply and that there is no coverage under the policy. Although Nationwide has provided Sunrise with a defense, it has reserved its rights under the policy. It has not, however, officially denied coverage.

Sunrise answered, denying that Nationwide was entitled to the declaratory judgment it sought.[2] Sunrise also contended that Nationwide was estopped from denying coverage and also asserted that Nationwide had waived its denial of coverage. Further, even though Sunrise admitted that an actual controversy existed between Sunrise and Nationwide, Sunrise denied that an actual controversy existed regarding Easley.[3]

Subsequently, Nationwide moved for summary judgment against the remaining defendants. Somers's complaint contained three counts: Count 1 alleged that Sunrise desecrated her son's grave with cigarette butts and animal feces, Count 2 alleged that Sunrise breached the perpetual care contract by permitting the grave to be littered with trash, and Count 3 alleged the Racketeer Influenced and Corrupt Organizations Act count which has been dismissed. Nationwide asserted that the damages sought in this complaint are not the type covered by its policy and, in fact, are excluded from the policy. Nationwide reasons that the policy covers bodily injury[4] and property damage,[5] as defined by the policy, that are caused by an occurrence,[6] and that none of Somers's injuries fall within the policy's definitions. Nationwide further contends that the acts Somers alleges are intentional acts which are excluded by the policy and that

---

[1] Although Somers originally included a count against Easley in her complaint and alleged a Racketeer Influenced and Corrupt Organizations Act violation against Sunrise and Easley, she had dismissed those allegations before Nationwide filed its declaratory judgment action.

[2] No other parties answered; nor have they participated in the case either in the trial court or on appeal.

[3] After Sunrise and Easley answered, Nationwide dismissed its complaint against John and Margie Connolly d/b/a Easley Marble because Somers had dismissed her complaint against those defendants.

[4] "Bodily injury, sickness, or disease sustained by a person, including death resulting from any of these at any time."

[5]     a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

[6] " 'Occurrence' means an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

Somers's allegations regarding breach of the perpetual care contract are not covered because the policy excludes coverage for "bodily injury or property damage for which the insured is obligated to pay damages by reason of assumption of liability in a contract or agreement."

Sunrise's response to the motion for summary judgment asserted that the policy clearly covered property damage claims arising from unintentional conduct, and Somers's complaint asserted claims for unintentional damage to her property. Accordingly, Sunrise contended that Nationwide was required to defend and indemnify it against her claims. Sunrise, however, did not file a motion or cross-motion for summary judgment.

The superior court denied Nationwide's motion, holding that, "under the type of notice pleading in this and the underlying case insurance coverage may be warranted, there are numerous factual issues to be parsed-out in this case," and "that summary judgment is not an appropriate tool at this juncture in the case." Later, however, Sunrise asked the court to amend its ruling and enter an order granting summary judgment in favor of Sunrise. Sunrise contended that as no issues of disputed fact existed, whether Nationwide was entitled to the declaratory judgment it sought was an issue solely for the court, and as the trial court's earlier ruling found against Nationwide, Sunrise was entitled to summary judgment.

Although Nationwide contested this action, the trial court, while denying Sunrise's motion to amend, clarified its earlier order to state that the prior order "was intended to and did, resolve the coverage issues in this declaratory judgment issue in favor of Sunrise and against Nationwide. Nationwide owes a duty to provide coverage to Sunrise." Nationwide appeals from this decision,[7] and contends the trial court erred by denying its motion for summary judgment, by ruling that the coverage issue was resolved in favor of Sunrise, and by declaring that the policy provided coverage to Sunrise for the claims alleged in Somers's complaint.

1. We first address Nationwide's contention that the trial court erred by granting summary judgment. "Insurance in Georgia is a matter of contract," *Hurst v. Grange Mut. Cas. Co.*, 266 Ga. 712, 716 (4) (470 SE2d 659) (1996), and we have long held that contract disputes are well suited for adjudication by summary judgment because construction of a contract is ordinarily a matter of law for the court. *Burns v. Reves*, 217 Ga. App. 316, 318 (1) (457 SE2d 178) (1995). See OCGA § 13-2-1: "The construction of a contract is a question of law

---

[7] The trial court entered this order twice. The first order, however, was set aside for providential cause and the identical order reentered.

for the court. Where any [question] of fact is involved, the jury should [decide] the fact." Thus, even if a contract might be ambiguous, jury questions are not presented unless the application of the rules of contract construction fails to resolve the ambiguity. *Norton v. Hutton,* 172 Ga. App. 836 (324 SE2d 744) (1984).

In this appeal, no issues of fact are present. Nationwide contends that the plain language of its policy excludes coverage for Sunrise for the claims asserted in Somers's complaint, and Sunrise contends that the policy covers those claims. No one even alleges that the policy is ambiguous. Under these circumstances, the trial court correctly determined that the issues could be decided by summary judgment.

2. Because two issues are involved, the duty to defend and the duty to indemnify, we must address the issues separately. "An insurer's duty to defend and its duty to indemnify are separate and independent obligations. [Cit.]" *City of Atlanta v. St. Paul Fire &c. Ins. Co.,* 231 Ga. App. 206, 209 (3) (498 SE2d 782) (1998). Thus, here we consider not whether Nationwide is actually liable to Somers, but whether she has asserted a claim that falls within the policy coverage and that Nationwide has a duty to defend. *St. Paul Fire &c. Ins. Co. v. Mitchell,* 164 Ga. App. 215, 216 (1) (296 SE2d 126) (1982).

Under our law,

[a]n insurer's duty to defend turns on the language of the insurance contract and the allegations of the complaint asserted against the insured. We look to the allegations of the complaint to determine whether a claim covered by the policy is asserted. If the facts as alleged in the complaint even arguably bring the occurrence within the policy's coverage, the insurer has a duty to defend the action. However, as the Supreme Court held in *Great Am. Ins. Co.* [*v. McKemie,* 244 Ga. 84, 85-86 (259 SE2d 39) (1979)], where the complaint filed against the insured does not assert any claims upon which there would be insurance coverage, the insurer is justified in refusing to defend the insured's lawsuit.

(Citations omitted.) *City of Atlanta v. St. Paul Fire &c. Ins. Co.,* supra, 231 Ga. App. at 207.

Somers's complaint alleges two counts relevant to this appeal. Count 1 for desecration alleges that after interment "Sunrise by and through its employees, has caused the grave site to be desecrated with cigarette butts, animal feces, and other trash," and that Somers "is entitled to an award of compensatory and punitive damages for the desecration of the burial space." Count 2 for breach of contract alleges that Sunrise "has failed to maintain the burial plot, causing it to have an unsightly appearance," that Sunrise "has breached its

contract for perpetual care by these actions and omissions," and that Somers "is entitled to an award of compensatory damages by reason of breach of contract." The complaint's prayer for relief sought "an award of compensatory damages for breach of contract, pain and suffering, and injured feelings," and "an award of punitive damages in the enlightened conscience of the jury," and attorney fees.

Nationwide's policy states that it "has the right and duty to defend [Sunrise] against any 'suit'[8] seeking [damages for bodily injury and property damage]," but has no duty to defend Sunrise against "any 'suit seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.'" Because Nationwide's policy covers property damage caused by an occurrence as those terms are defined by the policy, we find that the allegations of the complaint concerning desecration arguably bring the occurrence within the policy's coverage. Nothing in the complaint asserts that the desecration was intentional, and the complaint contains no allegations from which one could reasonably conclude that the actions that caused the desecration were not an occurrence. Accordingly, we find that Nationwide had a duty to defend Sunrise in this action. *City of Atlanta v. St. Paul Fire &c. Ins. Co.*, supra, 231 Ga. App. at 207. The duty to defend is excused only when a complaint

> unambiguously exclude[s] coverage under the policy, and thus, the duty to defend exists if the claim potentially comes within the policy. Where the claim is one of potential coverage, doubt as to liability and insurer's duty to defend should be resolved in favor of the insured.

(Citations and punctuation omitted.) *Penn-America Ins. Co. v. Disabled American Veterans*, 268 Ga. 564, 565-566 (490 SE2d 374) (1997).

Further, we do not find that the acts Somers alleges in the complaint were necessarily intentional acts which would be excluded by the policy. Even if some of Somers's allegations ultimately were not found to be covered by the policy, this would not remove Nationwide's duty to defend Sunrise in this action.

Therefore, the trial court did not err by finding that Nationwide had a duty to defend this action.

3. (a) Regarding Nationwide's duty to indemnify Sunrise for damages awarded, Coverage A of Nationwide's policy states that it "will pay those sums that [Sunrise] becomes legally obligated to pay

---

[8] "Suit means a civil proceeding in which damages because of 'bodily injury,' 'property damage,' 'personal injury,' or 'advertising injury' to which this insurance applies are alleged."

as damages because of 'bodily injury' or 'property damage' to which this insurance applies," and further states that the policy applies to bodily injury or property damage caused by an occurrence on covered territory during the policy period. The policy, however, also contains exclusions from coverage.

Construction of an insurance policy is governed by the ordinary rules of contract construction, and when the terms of a written contract are clear and unambiguous, the court is to look to the contract alone to find the parties' intent. *Park 'N Go &c. v. U. S. Fidelity &c. Co.*, 266 Ga. 787, 791 (471 SE2d 500) (1996). Further, under our law, "an insurance company is free to fix the terms of its policies as it sees fit, so long as such terms are not contrary to law, and it is equally free to insure against certain risks while excluding others." (Footnote omitted.) *Continental Cas. Co. v. HSI Financial Svcs.*, 266 Ga. 260, 262 (466 SE2d 4) (1996).

Those exclusions relevant here include those for "expected or intended" injuries and for damages for which Sunrise would be liable because it assumed the liability by contract or agreement. Although Nationwide now asserts that Somers's complaint is covered by the pollution exclusion, Nationwide did not raise this issue in the trial court and we cannot consider it for the first time on appeal. *Association Services v. Smith*, 249 Ga. App. 629, 632 (1) (549 SE2d 454) (2001).

Comparing the allegations in Somers's complaint with the policy exclusions, however, fails to reveal that any of the exclusions apply to damage negligently caused to the burial plot by Sunrise or to bodily injury to Somers, as that term is defined in the policy. Further, insurance policies are construed in favor of the insured and against the insurance company. *Claussen v. Aetna Cas. &c. Co.*, 259 Ga. 333, 335 (1) (380 SE2d 686) (1989).

Also, this policy states that under Coverage A, Nationwide "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' " "caused by an 'occurrence.' . . ." Although Nationwide's policy does not define the word "accident," which is included within the policy's definition of an "occurrence," "in Georgia an accident is defined as an event which takes place without one's foresight or expectation or design." *Southern Guaranty Ins. Co. v. Phillips*, 220 Ga. App. 461, 462 (1) (469 SE2d 227) (1996). Therefore, we find that Nationwide has a duty to indemnify Sunrise for damages awarded as a result of property damage or bodily injury, if any, arising from an occurrence, as that term is defined in the policy.

We do not find, however, that Sunrise is entitled to be indemnified under Coverage A for damages to Somers based on nonphysical injuries, i.e., emotional distress or injured feelings. "Used in an

insurance policy, the term 'bodily injury' means just that — 'bodily injury.' It pertains to physical injury to the body. It does not include non-physical, emotional or mental harm. And it cannot be equated with the broader term 'personal injury.' " (Citations omitted.) *Presidential Hotel v. Canal Ins. Co.*, 188 Ga. App. 609, 611 (373 SE2d 671) (1988). Thus, under Coverage A there would be no duty to indemnify for Somers's claims for emotional distress or injured feelings. *O'Dell v. St. Paul Fire &c. Ins. Co.*, 223 Ga. App. 578 (478 SE2d 418) (1996).

(b) Nevertheless, Coverage B of the policy provides coverage for " 'personal injury' caused by an offense arising out of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you." As defined by the policy, " '[p]ersonal injury' means injury, other than 'bodily injury,' arising out of one or more of the following offenses: . . . c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling, or premises that a person occupies by or on behalf of its owner, landlord, or lessor. . . ." As Somers's complaint alleges that Sunrise "caused the grave site to be desecrated," this allegation implies a wrongful entry into or an invasion of the right of private occupancy of the grave site, which would be included within Coverage B. Accordingly, Sunrise would be entitled to be indemnified by Nationwide if damages are awarded on Somers's claims for emotional distress.

(c) Sunrise, however, is not entitled to be indemnified for any breach of contract claim by Somers. Coverage B provides that "[t]his insurance does not apply to: a. 'Personal injury' . . . : (4) For which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement."

Here, absent the contract for perpetual care of the grave site, Sunrise had no duty to take care of it. See OCGA §§ 10-14-2 through 10-14-30. Somers alleged the breach of such a contract in her complaint and, in her interrogatories, asked Sunrise if that contract had been signed by its authorized representative. Sunrise's answer to Somers's complaint is not contained in the record here, nor are its responses to the interrogatories.

Nevertheless, none of the interested parties, Somers, Nationwide, nor Sunrise, disputes that there was a contract for perpetual care of the grave by Sunrise. The sole issue to be determined is whether, under the terms of the Nationwide policy, which is in the record, Sunrise is entitled to indemnification for any recovery by Somers on her breach of contract claim. By the clear terms of the policy, set out above, it is not. See *Sorema North American Reinsurance Co. v. Johnson*, 258 Ga. App. 304, 306 (574 SE2d 377) (2002).

Therefore, the grant of summary judgment to Sunrise on the breach of contract claim is reversed and the case is remanded to the

trial court with direction to grant summary judgment to Nationwide on this claim.

*Judgment affirmed in part and reversed in part and case remanded with direction. Andrews, P. J., Johnson, P. J., Blackburn, P. J., Eldridge, Barnes, Mikell and Adams, JJ., concur.*

DECIDED DECEMBER 1, 2003.

*Temple, Strickland & Dinges, William A. Dinges,* for appellant.
*Meadows, Ichter & Bowers, Michael J. Bowers, Christopher S. Anulewicz, John B. Lyle,* for appellees.