A04A2148. SCOTTSDALE INSURANCE COMPANY v. GREAT AMERICAN ASSURANCE COMPANY.
(610 SE2d 558)

MILLER, Judge.

Scottsdale Insurance Company (Scottsdale) appeals from the grant of summary judgment to Great American Assurance Company (Great American) on its claim to satisfy a judgment entered against Great American's insured.[1] For the following reasons, we affirm.

To prevail on a motion for summary judgment, the moving party must show that there is no genuine issue of material fact, and that the undisputed facts, viewed in a light most favorable to the party opposing the motion, warrant judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). When reviewing the grant of a motion for summary judgment, we conduct a de novo review of the law and evidence. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Viewed in the light most favorable to Scottsdale, the evidence showed that Moresi & Blum leased certain space to Pearle Vision, Inc. (Pearle). The lease agreement contained an indemnification provision in which Moresi & Blum agreed to "indemnify [Pearle] and save it harmless from all suits, actions, damages, liability and expense in conjunction with loss of life, bodily or personal injury or property damage arising from or out of any occurrence in, upon, at or from the Leased Premises. . . ." Moresi & Blum subsequently subleased a portion of the space to Dr. Kendall Mullins. This sublease agreement contained an indemnification provision identical to the provision in the Moresi & Blum/Pearle lease.

---

[1] The judgment was entered against Peter J. Moresi, Robert M. Blum, and Moresi & Blum, P.C., jointly. Hereinafter, these parties will be referred to collectively as Moresi & Blum.

In 1998, Melissa Neill sued Mullins, Pearle, and several other parties alleging negligence in the misdiagnosis of her medical condition. After Moresi & Blum's insurer, Great American, refused to provide a defense to Pearle pursuant to the indemnification provision in the lease agreement, Scottsdale, as Pearle's insurer, settled with Neill.

Scottsdale subsequently brought a claim against Moresi & Blum for the failure to indemnify Pearle, and was awarded a judgment of $3 million. Scottsdale then sought to collect payment from Great American, Moresi & Blum's insurer. Great American moved for summary judgment on the ground that Scottsdale's claim was not covered by Moresi & Blum's policy. The trial court granted the motion and Scottsdale now appeals.

On appeal, Scottsdale argues that the lease agreement is an "insured contract" pursuant to the Great American policy and that Great American is therefore obligated to pay the judgment entered against Moresi & Blum. We disagree.

1. "Construction of an insurance policy is governed by the ordinary rules of contract construction, and when the terms of a written contract are clear and unambiguous, the court is to look to the contract alone to find the parties' intent." (Citation omitted.) *Nationwide Mut. Fire Ins. Co. v. Somers*, 264 Ga. App. 421, 426 (3) (a) (591 SE2d 430) (2003). Under the business liability coverage of Moresi & Blum's policy, Great American was obligated to pay

> those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury', 'property damage', 'personal injury', or 'advertising injury' to which this insurance applies. No other obligation of liability to pay sums or perform acts of services is covered unless explicitly provided for under COVERAGE EXTENSION — SUPPLEMENTARY PAYMENTS.

Based upon the plain language of the policy, Great American was obligated to pay only those sums that Moresi & Blum was itself obligated to pay as damages *because of* bodily injury, personal injury, property damage, or advertising injury. Here, Scottsdale seeks payment from Great American based upon a judgment entered against Moresi & Blum for the failure to indemnify Pearle as agreed to in the lease. Although the underlying event giving rise to Scottsdale's claim involved a personal injury, Great American did not insure against Moresi & Blum's failure to abide by the terms of its lease agreement with Pearle.

By comparison, in *Somers*, supra, 264 Ga. App. at 421-422, the plaintiff sued an insurer demanding that it provide coverage for the

insured's breach of a perpetual care contract, alleging that the insured failed to properly maintain a grave site. Id. The policy provided that the insurer would pay those sums that the insured was legally obligated to pay as damages because of property damage or bodily injury. Id. at 426 (3) (a). In that case, the insured's policy specifically provided coverage for the injury alleged by the plaintiff. Here, Moresi & Blum's policy with Great American did not provide coverage for the "injury" alleged by Scottsdale, i.e., the failure of Moresi & Blum to fulfill its contractual obligation to indemnify its lessee, Pearle.

2. Scottsdale points to an exception to an exclusion in the policy to support its argument that Great American is obligated to satisfy the judgment. Under the exclusions, the policy provides that "[t]his insurance does not apply to: . . . b. 'Bodily injury' or 'property damage' for which an insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. *This exclusion does not apply to liability for damages: (1) Assumed in a contract or agreement that is an 'insured contract'. . . .*" (Emphasis supplied.) The policy defines "insured contract" as "[a] lease of premises."

However, "before addressing whether the terms of some exclusion might be applicable, the initial consideration is whether the policy covered [the claim]." (Citations omitted.) *Allstate Ins. Co. v. Grayes*, 216 Ga. App. 419, 420 (1) (454 SE2d 616) (1995). This principle applies with equal or greater force to the exception to an exclusion. As explained in Division 1, Great American did not provide coverage for Moresi & Blum for the type of claim sought by Scottsdale. Since there is no coverage in the first instance, the exception to one of the policy's exclusions has no legal significance. See id. at 421.

The trial court did not err in granting Great American's motion for summary judgment.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 4, 2005 —
RECONSIDERATION DENIED FEBRUARY 18, 2005 — 

*Freeman, Mathis & Gary, Philip W. Savrin, Kelley R. Purdie*, for appellant.

*Mabry & McClelland, Robert M. Darroch, Joseph J. Dinardo, Samantha R. Johnson*, for appellee.