A07A0570. DOWDELL et al. v. VOLVO COMMERCIAL FINANCE, LLC et al.
(649 SE2d 750)

MIKELL, Judge.

Nancy R. Dowdell and Eugene J. Matusz appeal the trial court's grant of summary judgment to Volvo Commercial Finance, LLC the Americas ("Volvo Finance") and Insurance Company of the State of Pennsylvania ("ISOP") in this breach of contract action. In their complaint, Dowdell and Matusz sought damages for breach of contract as well as for violations of the Georgia Fair Business Practices Act ("FBPA"), the Georgia Motor Vehicle Financing Act ("MVFA"), the Breach of Fiduciary Trust Act, and the Georgia Racketeer Influenced and Corrupt Organizations Act. Appellants did not file briefs in opposition to appellees' motions for summary judgment. For the reasons stated below, we affirm the judgment of the trial court.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

Appellants purchased a new 2000 Volvo truck/tractor on August 13, 1999, for $109,000, $95,300 of which they financed through Volvo Finance. In connection with the sale, appellants also purchased a commercial automobile insurance policy under Volvo Finance's master insurance policy, which was issued by ISOP on October 29, 1999. The policy provided liability coverage of $1 million for the vehicle as well as physical damage coverage, the latter having a deductible of $1,000. Additionally, Section III of the policy, which outlined provisions governing the physical damage coverage, provided the following regarding the limit of insurance: "The most we will pay for 'loss' in any one 'accident' is the lesser of: (1) The actual cash value of the damaged or stolen property as of the time of the 'loss'; or (2) The cost

---

[1] (Citation and footnote omitted.) *Covington Square Assoc. v. Ingles Markets*, 283 Ga. App. 307 (641 SE2d 266) (2007).

of repairing or replacing the damaged or stolen property with other property of like kind and quality."

On September 22, 2000, the truck overturned in an accident, resulting in a total loss. The actual cash value of the truck was determined to be $78,500. After the reduction for appellants' deductible of $1,000, the loss was valued at $77,500, which amount was paid to the designated loss payee, Volvo Finance. Volvo Finance applied the proceeds to the debt owed by the appellants under the promissory note, and a deficiency of $8,313.75 remained.

Appellants filed their action, and Volvo Finance answered, asserting a counterclaim for the amount of the deficiency. Volvo Finance served a request for admissions upon appellants on November 22, 2005, to which appellants did not respond timely. Volvo Finance and ISOP filed motions for summary judgment, alleging that appellants' claims were time-barred and/or lacked merit. Appellants did not oppose the motions for summary judgment, but at the hearing on the motions, they submitted two affidavits in response thereto. The trial court granted appellees' motions for summary judgment.[2]

Appellants enumerate as error the trial court's grant of summary judgment to appellees. In their brief, the only cogent argument that we can discern is that the trial court erroneously granted summary judgment on their breach of contract claim.

"Construction of an insurance policy is governed by the ordinary rules of contract construction, and when the terms of a written contract are clear and unambiguous, the court is to look to the contract alone to find the parties' intent."[3] In a contract action involving an insurance policy, "whereby the owner is insured against actual loss or damage to an automobile by collision, the measure of the insurer's liability will be determined according to the terms of the contract."[4] Here, the insurance policy specifically provided that the most the insurance company would pay for a loss was the lesser of the actual cash value of the damaged property at the time of the loss or the cost to repair or replace the property. Therefore, when the insurance company paid the cash value of the truck, it satisfied its obligation under the contract.[5]

---

[2] The trial court also granted appellants' motion to withdraw and amend admissions.

[3] (Citation and punctuation omitted.) *Scottsdale Ins. Co. v. Great American Assurance Co.,* 271 Ga. App. 695, 696 (1) (610 SE2d 558) (2005). See *Ga. Farm &c. Ins. Co. v. Garzone,* 240 Ga. App. 304, 305 (1), n. 4 (523 SE2d 386) (1999).

[4] (Citation omitted.) *State Farm &c. Ins. Co. v. Mabry,* 274 Ga. 498, 507 (4) (556 SE2d 114) (2001).

[5] See id. at 502 (4) (policies providing for payment of lesser of value or cost to repair or replace are permissible, and insurance company satisfies its duty by paying pre-loss value).

Appellants submitted the affidavit of Thomas Boardman at the hearing on the motion for summary judgment, in which he averred that the value of the truck at the time of the loss was $90,000. However, in order for Boardman's opinion to have probative value as that of a nonexpert, it "must be based upon a foundation that the witness has some knowledge, experience or familiarity with the value and he must give reasons for the value assessed and also must have had an opportunity for forming a correct opinion."[6] Boardman's affidavit contained no information regarding his knowledge, experience, or familiarity with the value of the vehicle. Therefore, it lacked probative value.[7] To the extent appellants offered Boardman's affidavit as expert testimony, it still lacks probative value as there was no evidence that the valuation method he used was reliable.[8] Even if we were to assume that Boardman's valuation method was reliable, it does not appear from the evidence in the record that he had an opportunity to form a correct opinion. His estimation of value was based on his determination that the truck's value should be reduced by ten cents for each mile driven and that the truck had been driven 190,000 miles. The evidence in the record, however, indicated that the truck had been driven 360,000 miles when the accident occurred. Thus, under Boardman's valuation, its value was $73,000, less than that paid by ISOP.

In her affidavit, Dowdell avers that ISOP's policy agreed to pay $109,000 if the truck were destroyed within one year, but she points to no provision in the contract that supports this averment. Alternatively, appellants complain that ISOP should have paid $2,500 more than it paid on the truck because that amount would have enabled them to remain in business, but this allegation, as well, is unsupported by any evidence in the record.

> [T]his court cannot consider in the appellate process either mere allegations of fact found in a party's pleadings, not admitted by the opposing party, or factual assertions in the parties' briefs, when such allegations and assertions are not

---

[6] (Citation and punctuation omitted.) *Getz Svcs. v. Perloe*, 173 Ga. App. 532, 536 (4) (327 SE2d 761) (1985).

[7] Compare *City of Dalton v. Smith*, 210 Ga. App. 858, 861 (7) (437 SE2d 827) (1993) (in condemnation proceeding, nonexpert witnesses' testimony regarding the value of property was admissible where witnesses explained that they are familiar with the property in question and, because of their lengthy experience in the construction business, have knowledge of land values in the vicinity of that property).

[8] See *Moran v. Kia Motors America*, 276 Ga. App. 96, 97-98 (1) (622 SE2d 439) (2005) (expert testimony as to car's value excluded where plaintiff did not prove that expert's testimony was the product of reliable principles and methods or that he had applied them reliably to the facts of the case).

supported by the record. A brief cannot be used in lieu of the record or transcript for adding evidence to the record; we must take our evidence from the record and not from the brief of either party.[9]

Because appellants did not file briefs in opposition to appellees' motions for summary judgment, we had only their brief to review to decipher their arguments on appeal. To the extent other arguments were intended, they were not clearly set forth in their appellate brief or supported by the record or citation of authority and, thus, may be deemed abandoned.[10]

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JUNE 27, 2007 —
RECONSIDERATION DENIED JULY 18, 2007.

*G. Gerald Kunes*, for appellants.
*Inglesby, Falligant, Horne, Courington & Chisholm, Matthew E. Mills, Margaret Ware Sigman Puccini, Weinberg, Wheeler, Hudgins, Gunn & Dial, John C. Bonnie, Nancy F. Rigby*, for appellees.

---

[9] (Citation omitted.) *Hipple v. Simpson Paper Co.*, 234 Ga. App. 516, 518 (5) (507 SE2d 156) (1998).
[10] Court of Appeals Rule 25 (c); *Argentum Intl. v. Woods*, 280 Ga. App. 440, 443 (1) (634 SE2d 195) (2006).