# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 29, 2022

Lyle W. Cayce
Clerk

No. 21-20493

RALPH MATTHEWS,

*Plaintiff*,

*versus*

HOME DEPOT USA, INCORPORATED,

*Defendant—Appellee/Cross-Appellant*,

*versus*

STANLEY ACCESS TECHNOLOGIES, L.L.C.,

*Defendant—Appellant/Cross-Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-1643

Before SMITH, CLEMENT, and HAYNES, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-20493

This case concerns the interpretation under Georgia law of an indemnity provision in a Maintenance Service Agreement ("MSA") between Stanley Access Technologies ("Stanley") and Home Depot. Plaintiff Ralph Matthews fell and was injured at a Home Depot in Houston, Texas, when the store's automatic doors closed on him and his walker. Matthews filed suit against Home Depot and Stanley for negligently maintaining the door.

Pursuant to the indemnity provision in the MSA, Home Depot demanded Stanley indemnify and defend it in the lawsuit. Stanley refused, asserting an exception. Home Depot then crossclaimed against Stanley for breach of contract based on its failure to defend. The district court granted summary judgment in favor of Home Depot on the breach of contract claim, and Stanley appealed. We AFFIRM. Home Depot requested appellate attorneys' fees, and we REMAND for that purpose only.

I.

This is a diversity case. The district court had jurisdiction over the underlying lawsuit under 28 U.S.C. § 1332 and supplemental jurisdiction over the indemnity claim under 28 U.S.C. § 1367. We have appellate jurisdiction over Stanley's timely appeal under 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo. *St. Paul Fire & Marine Ins. Co. v. Green Tree Fin. Corp.*, 249 F.3d 389, 391 (5th Cir. 2001). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Under the MSA, Georgia law applies to the interpretation of the indemnity provision, which we also review de novo. *See Mid-Continent Cas. Co. v. Chevron Pipe Line Co.*, 205 F.3d 222, 225–26 (5th Cir. 2000).

No. 21-20493

## II.

The relevant indemnity provision requires Stanley to defend and indemnify Home Depot from a claim arising from or related to Stanley's work. But there is an exception if the claim arose out of Home Depot's "sole negligence." The relevant provision states (with emphasis added):

> To the maximum extent allowed by law, [Stanley] . . . shall indemnify, defend, and hold harmless Home Depot . . . from and against any and all claims or allegations . . . liabilities and damages (collectively, "Claims"), including reasonable attorneys' fees, court costs and other expenses incurred in responding to such Claims that [Home Depot] may suffer or incur arising out of or related to (a) the death or injury to any person . . . which resulted or is alleged to have resulted from any acts or omissions of [Stanley] . . . in performing the Services; *except to the extent such portion of any Claim is directly and solely caused by the negligence or willful misconduct of [Home Depot]*.

The obligation to indemnify for damages and the obligation to defend against third-party suits are separate and distinct duties. *See Nationwide Mut. Fire Ins. Co. v. Somers*, 591 S.E.2d 430, 433–34 (Ga. Ct. App. 2003) (per curiam). In insurance contract indemnity provisions under Georgia law (and the law of many other states), the scope of an insurer's duty to defend is determined by looking to the "eight corners" of the plaintiff's complaint and the contract. *See, e.g.*, *Penn-Am. Ins. Co. v. Disabled Am. Veterans, Inc.*, 490 S.E.2d 374, 376 (Ga. 1997). That is, the duty to defend is triggered if the allegations in the complaint—even if completely meritless—encompass conduct covered by the relevant indemnity provision. *Id.*; *see also BBL-McCarthy, LLC v. Baldwin Paving Co.*, 646 S.E.2d 682, 685 (Ga. Ct. App. 2007).

3

The district court held that, in Georgia, insurance-law principles apply with equal force to non-insurance indemnity provisions like the one at issue here. Accordingly, because Matthews sued *both* Stanley and Home Depot for negligence—rather than pursuing Home Depot as solely negligent—the sole-negligence exception did not apply to the duty to defend,[1] and Stanley's refusal to defend Home Depot was not justified.

Stanley urges that the district court erred in its determination because Georgia does not apply the insurance-law eight corners rule to non-insurance contracts. Per Stanley, its duty to defend is only triggered after an adjudication establishing that Home Depot was not solely negligent. We disagree.

Georgia courts consistently apply insurance-law principles and the eight corners rule when analyzing the duty to defend in non-insurance indemnity provisions. *See, e.g.*, *Fayette Cnty. Nursing Home, LLC v. PRI X-Ray, LLC*, 801 S.E.2d 116, 119–20 (Ga. Ct. App. 2017); *JNJ Found. Specialists, Inc. v. D.R. Horton, Inc.*, 717 S.E.2d 219, 222–23 (Ga. Ct. App. 2011) (physical precedent only). Georgia courts also invoke this "well-established rule" when interpreting non-insurance sole-negligence clauses specifically. *See Bruce v. Georgia-Pacific, LLC*, 757 S.E.2d 192, 197–98 (Ga. Ct. App. 2014) (holding that, under Georgia law, indemnitor was excused from its duty to defend where the underlying suit *alleged* sole negligence against the indemnitee); *see also Georgia-Pacific, LLC v. Hornady Truck Line, Inc.*, No. 07-CV-159, 2009 WL 484629, at \*4 (N.D. Miss. Feb. 26, 2009) (same). We see no reason to depart from this consistent practice.

---

[1] Home Depot settled the negligence case with Matthews during the jury trial and does not seek to recover indemnification of the settlement amount; accordingly, we need not address that issue.

No. 21-20493

Stanley suggests that insurance-law principles cannot apply to non-insurance indemnity provisions because insurance indemnity provisions are construed in favor of the insured, while non-insurance indemnity provisions are construed against the indemnitee. But Georgia courts have recognized as much and still apply the eight corners rule to non-insurance indemnity provisions. *See BBL-McCarthy*, 646 S.E.2d at 687–88. This argument is accordingly unavailing.

In sum, we agree with the district court's conclusion that because Home Depot was not alleged to have been solely negligent, the MSA's sole-negligence exception did not apply, and Stanley was required to defend Home Depot in the underlying litigation. We AFFIRM the judgment and, per Home Depot's request,[2] REMAND solely for the purpose of allowing the district court to make the initial determination and award of appellate attorneys' fees to Home Depot.

---

[2] We treat Home Depot's request for appellate attorneys' fees made in its appellee brief as a petition under 5TH CIRCUIT RULE 47.8. *See ATOM Instrument Corp. v. Petroleum Analyzer Co., L.P.*, 969 F.3d 210, 218–19, 218 n.1 (5th Cir. 2020).