DECIDED SEPTEMBER 14, 1987.

*H. William Sams, Jr.*, for appellant.
*John L. Creson*, for appellee.

74770. GRIMES v. ST. PAUL FIRE & MARINE INSURANCE COMPANY.
(361 SE2d 389)

POPE, Judge.

Plaintiff Grimes obtained a judgment against G. Scott Wilkerson and Wilkerson Insurance Agency, Inc., for $1,800 actual damages and $224,100 punitive damages. Plaintiff then brought this action to collect the judgment against defendant St. Paul Fire and Marine Insurance Company, the errors and omissions carrier for Wilkerson Insurance Agency, Inc. Defendant moved for summary judgment on the ground, inter alia, the policy issued to its insured provided no coverage for an award of punitive damages. In response to said motion, plaintiff filed a motion to set aside the judgment in the earlier tort action against the insured on the ground it was inconsistent with the original jury verdict awarding a total sum of $225,900 without designation as to actual or punitive damages. The two matters were before the same trial judge. Prior to ruling on the motion to set aside the judgment in the tort action, the lower court granted partial summary judgment to defendant St. Paul in the current action as to plaintiff's claim to collect the punitive damages award in the tort action against the insured, as well as plaintiff's claim for bad faith penalties and attorney fees for St. Paul's failure to pay the claim. Plaintiff appeals.

1. Plaintiff admits the judgment obtained against defendant's insured was for an intentional tort. Judgment debtor G. Scott Wilkerson was the principal stockholder of the insured, Wilkerson Insurance Agency, Inc. The policy of insurance issued by defendant to its insured excluded coverage for the intentional acts of officers and stockholders. Therefore, defendant has no liability for the judgment entered against Mr. Wilkerson. However, plaintiff argues defendant is not entitled to summary judgment as to the judgment entered against the insurance agency because the policy expressly extended coverage for the intentional acts of other employees. Nevertheless, the policy excluded coverage of claims for punitive or exemplary damages. Regardless of who committed the wrongful act which resulted in the award in favor of plaintiff and against the insured, the award of punitive damages was not covered by the insurance policy. An insurer is entitled to summary judgment where the loss complained of is ex-

cluded from coverage by the terms of the policy. Cf. *Aetna Ins. Co. v. Walker*, 98 Ga. App. 456 (1) (105 SE2d 917) (1958).

2. We deny plaintiff's second enumeration of error, which claims the trial court erred in ruling upon defendant's motion for summary judgment while her motion to set aside the underlying judgment was still pending in the separate tort action. The plaintiff in this action to collect a judgment from the judgment debtor's liability insurance carrier took the unusual position of attacking the validity of the very judgment she was attempting to collect. Plaintiff's efforts to discredit the underlying judgment constituted an improper collateral attack upon the judgment. See OCGA § 9-11-60 (a). The validity of the judgment in the underlying tort action was not properly before the court in the current action. If plaintiff had so wished, she could have filed a motion to stay further proceedings in this collection action until the motion to set aside the underlying judgment was resolved. We note that the motion to set aside the underlying judgment was ultimately denied.

3. For reasons discussed in Division 1 of this opinion, the trial court did not err in granting summary judgment as to plaintiff's claim for bad faith penalties and attorney fees.

4. Plaintiff's appeal from the lower court's denial of her motion to set aside the underlying judgment was dismissed by this court on July 10, 1987, and, therefore, defendant's motion to consolidate the two appeals is moot.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 14, 1987.

*Walter L. Fortson*, for appellant.
*John C. Grabbe IV*, for appellee.