A96A0276. GUARANTY NATIONAL INSURANCE COMPANY
v. BROCK et al.
(474 SE2d 46)

BLACKBURN, Judge.

Guaranty National Insurance Company (GNIC) appeals the trial court's grant of summary judgment to Jack W. Brock, Jr., and denial of summary judgment to GNIC on the coverage issue in its underlying declaratory action.

On December 8, 1992, a Baldwin County school district bus was involved in a collision. Three minors, alleged to have been injured in the collision, filed separate lawsuits naming the bus driver, the school district, and Brock as defendants: *Trawick v. Baldwin County School Dist.,* Civil Action No. 93CV30388C, filed September 15, 1993; *Farley v. Selective Ins. Co.,* Civil Action No. 93CV30626B, filed December 7, 1993; and *Brantley v. Baldwin County School Dist.,* Civil Action No. 94CV31495B, filed December 5, 1994. Brock was the transportation supervisor of the school district, and the plaintiffs claimed that Brock, acting in his professional capacity, negligently hired and retained the driver of the bus.

The following facts are undisputed. Brock is a member of the Professional Association of Georgia Educators (PAGE), and was

insured under a policy GNIC issued to PAGE. On November 2, 1993, Brock first notified PAGE of the *Trawick* lawsuit. On December 15, 1993, Brock sent written notice to PAGE of the *Farley* lawsuit, which included a copy of the complaint. On February 2, 1994, PAGE provided Myron F. Stevens & Company, the insurance agency who issued the GNIC policy to PAGE, notice of the *Trawick* and *Farley* lawsuits, as well as a copy of the *Farley* complaint. Copies of these documents were then forwarded to GNIC on February 10, 1994. On or about February 21, 1994, GNIC received a copy of the *Trawick* lawsuit. GNIC received a copy of the *Brantley* lawsuit on or about December 21, 1994.

GNIC filed the underlying declaratory judgment action to determine its liability to provide coverage to Brock in the above-mentioned lawsuits. The parties' filed cross-motions for summary judgment. In its summary judgment motion, GNIC asserted that Brock is not entitled to coverage due to the untimely notice of the three claims and because the claims fall within the policy's exclusionary provisions. The trial court found that coverage existed, granting summary judgment to Brock and denying it to GNIC.

1. In its first enumeration of error, GNIC alleges that the trial court erred in ruling, as a matter of law, that Brock provided proper and timely notice to GNIC. We agree.

The insurance policy provides in pertinent part: "When an occurrence takes place, written notice shall be given by or on behalf of the insured to the company or any of its authorized agents *as soon as practicable*." (Emphasis supplied.) An occurrence is defined as an event which results in damages to someone other than the insured.

Despite a clause that requires an insured to notify the insurer as soon as practicable of any occurrence, if an ordinarily prudent person acting reasonably would not conclude that an incident would give rise to a possible claim, a court can determine as a matter of law that the insured was justified in not notifying the insurer of the incident. *Southern Guaranty Ins. Co. v. Miller*, 183 Ga. App. 261, 263 (358 SE2d 611) (1987).

Under *Miller*, Brock was not required to foresee every possible claim, no matter how remote, that could have arisen from the accident. Rather, Brock was only required to act reasonably under the circumstances. Because Brock was not directly involved in the bus accident, we find that the trial court did not err in holding as a matter of law that it was not unreasonable for Brock to fail to foresee that he might be named in lawsuits arising from the accident under a theory of negligent hiring. Therefore, under these facts, he provided proper and timely notice of the accident to GNIC.

However, the policy also provides: "If claim is made or suit is brought against the Insured, the Insured shall *immediately* forward

to the Company every demand, notice, summons, or other process received by him or his representative." (Emphasis supplied.) Thus, as a condition to coverage, Brock had a duty to *immediately* forward to GNIC copies of the three complaints filed against him.

Brock waited over a month to inform PAGE of the *Trawick* lawsuit, and approximately one week before informing PAGE of the *Farley* lawsuit. Moreover, and perhaps more importantly, Brock waited approximately five months before he forwarded a copy of the *Trawick* lawsuit to GNIC, approximately two months before he forwarded a copy of the *Farley* lawsuit to GNIC, and approximately two weeks before he forwarded a copy of the *Brantley* lawsuit to GNIC. It cannot be said that this delay was justifiable and reasonable as a matter of law. Timeliness of the notification in this context presents an issue of material fact for jury determination. See *Norfolk &c. Ins. Co. v. Cumbaa*, 128 Ga. App. 196, 198 (196 SE2d 167) (1973) (setting forth the general rule that limitations in policies of insurance requiring a report of incident "as soon as practicable" are subject to a factual determination). Thus, the trial court erred in granting summary judgment to Brock on this issue.

2. In its second enumeration of error, GNIC alleges that the trial court erred in ruling, as a matter of law, that Brock did not fall within the exclusionary provisions of the policy. We disagree.

Under the policy, GNIC agreed to pay the damages for which the insured was held liable based on "any claim made against the insured arising out of an occurrence in the course of the insured's activities in his/her professional capacity . . . and caused by any acts or omissions of the insured." The policy further defines "activities of an Insured in his/her professional capacity" to mean "activities of an Insured in the course of his/her duties as an employee of any school system." In addition, an occurrence is defined as "an event which results in damages to someone [sic] other than the insured."

Brock is covered for the subject incident under these general provisions. GNIC, however, argues that Brock also falls within a policy exclusion. The exclusion provides: "This policy does not apply . . . [t]o the ownership, maintenance, operation, use, loading or unloading of . . . vehicles of any kind . . . except, however, coverage would apply to . . . an insured while supervising students entering or exiting a school bus." Specifically, GNIC argues that Brock falls within this exclusion because the matters for which Brock seeks coverage involve the operation of a school bus, but not the supervision of students exiting or entering the subject bus.

"Three well known rules used in the construction of insurance contracts apply. Any ambiguities in the contract are strictly construed against the insurer as drafter of the document, *any exclusion from coverage sought to be invoked by the insurer is* likewise *strictly*

*construed*, and insurance contracts are to be read in accordance with the reasonable expectations of the insured where possible." (Citations omitted; emphasis supplied.) *Richards v. Hanover Ins. Co.*, 250 Ga. 613, 615 (299 SE2d 561) (1983).

Brock was not the operator of the bus; rather he was sued on a theory of negligent hiring. Negligent hiring is not one of the circumstances specified under the exclusion. Furthermore, under *Richards*, Brock is entitled to have the policy exclusions strictly construed against GNIC. Therefore, the trial court did not err in holding, as a matter of law, that Brock did not fall within the policy's exclusionary provision.

*Judgment affirmed in part and reversed in part. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED JUNE 21, 1996 —
RECONSIDERATION DENIED JULY 12, 1996.

*Webb, Carlock, Copeland, Semler & Stair, Frederick M. Valz III, Scott D. Huray*, for appellant.

*Harris & James, William C. Harris, Chambers, Mabry, McClelland & Brooks, Lawrence J. Hogan, Charles G. Ragsdale, Sell & Melton, Jeffrey B. Hanson, Philip B. Spivey*, for appellees.