## A97A2122. GRAIN DEALERS MUTUAL INSURANCE COMPANY v. PAT'S RENTALS, INC. et al.
### (492 SE2d 702)

ELDRIDGE, Judge.

Appellee Pat's Rentals, Inc. hired and retained Travis Reed as an employee. While allegedly acting within the scope of his employment and while operating a vehicle owned by and for his employer, Pat's Rentals, Reed had a collision with Susanne Sanders, the minor daughter of Kay and Kenneth Sanders, injuring her. Individually and as next friend for their daughter, the Sanderses sued Reed and Pat's Rentals in the Superior Court of Elbert County, Case No. 95EV-406G. Two of the multiple theories attributing liability to Pat's Rentals were based upon the allegedly negligent hiring and retention of Reed.

Appellee Unisun Insurance Company ("Unisun") was the motor vehicle liability insurer for Pat's Rentals, and Unisun was tendered the defense by its insured Pat's Rentals; Unisun undertook the defense under a reservation of rights. Appellant Grain Dealers Mutual Insurance Company ("Grain Dealers") had issued a commercial general liability ("CGL") policy to Pat's Rentals, which was in effect at the time of the collision. On August 13, 1996, Grain Dealers notified Pat's Rentals' counsel of record that it had no duty to defend or indemnify Pat's Rentals against the claim for negligent hiring and negligent retention of Reed, because the CGL policy contained an automobile exclusion.

On October 25, 1996, Pat's Rentals and Unisun brought this declaratory action in DeKalb Superior Court against Grain Dealers. After Grain Dealers answered, Pat's Rentals and Unisun moved for summary judgment. Grain Dealers filed its own cross-motion for summary judgment, based upon the express language of its automobile exclusion.

On May 1, 1997, the trial court granted the motion for summary judgment for Pat's Rentals and Unisun and denied the motion for summary judgment for Grain Dealers as to the duty to defend and indemnify against the claims for negligent hiring and negligent retention. Timely notice of appeal was filed.

Grain Dealers' first two enumerations are the converse of each other: that the trial court erred in granting the summary judgment against it and in denying its motion for summary judgment; and that the motor vehicle policy exclusion in the CGL policy relieved it of the

duty to defend or to indemnify Pat's Rentals from the claims for negligent hiring and negligent retention of Reed.

(a) The liability coverage for defense and indemnification for the negligent operation and use of the motor vehicle of the insured by its employee for general and special damages is expressly excluded under the motor vehicle exclusion of the CGL policy issued by Grain Dealers and is specifically imposed upon Unison under its automobile liability policy. Thus, Grain Dealers has no duty to defend or to indemnify against general and special damages, i.e., "bodily injury" and "property damage." Unisun does have such duty under its motor vehicle liability policy.

In *Guaranty Nat. Ins. Co. v. Brock*, 222 Ga. App. 294, 296-297 (2) (474 SE2d 46) (1996), this Court held that the nature of coverage for a professional insurance liability policy was such that the school district transportation supervisor, who was responsible for the hiring, training, and supervision of administration of school transportation and the drivers was not excluded from coverage by a motor vehicle exclusion provision, but received the coverage for which he had bargained as a professional educator or administrator. The specific language of the exclusion was not applicable to " 'the ownership, maintenance, operation, use, loading or unloading of . . . vehicles.' " Id. at 296 (2). In this case, the CGL policy excludes " 'bodily injury' or 'property damage,' arising out of the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and 'loading or unloading.' " Such exclusion is much broader than the exclusion under *Brock* and would include not only negligent entrustment of the vehicle but also negligent hiring or retention of the driver. The issue in *Brock* was coverage or non-coverage, i.e., if there had been liability coverage for operation of the school buses, then the administrator's coverage would have been secondary liability coverage.

Further, in this case, the issue is not between primary or secondary coverage, but between total exclusion and non-exclusion of coverage. In *Brock*, the reason that the issue was coverage, instead of exclusion, lies in the nature of the policy and the language of the exclusion to protect the individual from liability in the conduct of his professional school duties; if the exclusion in *Brock* had applied, then the administrator would have had no professional coverage *at all* under the normal performance and circumstances of his job as supervisor of transportation, which would contravene the very purpose of the professional liability insurance policy. Such is not the case here, because the CGL policy, absent the exclusion, would cover the collision as secondary coverage to the motor vehicle policy's primary coverage, but CGL would also cover other business liability as well. The

insured, Pat's Rentals, contracted for a general liability coverage, CGL coverage, from Grain Dealers with an exclusion of motor vehicle coverage to avoid overlapping coverage and to reduce the premiums. Pat's Rentals contracted with Unison to provide motor vehicle liability coverage only. Unlike *Brock*, the expectations of the insured and the insurers were that there would be two policies of insurance without overlapping coverage and that each insurer would accept a premium for a specific risk insured against as insurance specialists. Thus, *Brock* is distinguished both on the law and facts from this case.

*Roberts v. Burke County School Dist.*, 267 Ga. 665 (482 SE2d 283) (1997), indicates that the coverage question may depend upon "proximate cause," i.e., the meaning of "use" and how use involves causation for purposes of coverage. In this case, the direct and immediate cause, i.e., proximate cause, of potential liability was the operation of the motor vehicle, which comes within the direct coverage by Unisun; the indirect but foreseeable cause, i.e., concurrent proximate cause, was the negligent hiring and retention of Reed, which is covered by the CGL policy of Grain Dealers as secondary coverage, *but for* the exclusion. Thus, "but for" the motor vehicle exclusion, both insurers would have coverage: the primary coverage with Unisun, and the secondary coverage with Grain Dealers. Use of tort analysis concepts to construe insurance contract language provides no assistance except to determine potential liability risks and to demonstrate that "use" must fall outside the exclusion.

Clearly, Grain Dealers fixed the limits of its risk by use of the motor vehicle exclusion language, which also excludes liability for negligent hiring or retention for "bodily injury" or "property damages" arising out of use of a motor vehicle. Pat's Rentals knowingly accepted the policy with this clear and unambiguous exclusion and obtained motor vehicle coverage from Unisun to cover the specifically excluded risk in the CGL policy. See *Continental Cas. Co. v. HSI Financial Svcs.*, 266 Ga. 260, 262 (466 SE2d 4) (1996); *Southern v. Sphere-Drake Ins. Co.*, 226 Ga. App. 450 (486 SE2d 674) (1997); *Dynamic Cleaning Svc. v. First Financial Ins. Co.*, 208 Ga. App. 37, 39 (430 SE2d 33) (1993). The intent of the policy, coupled with the exclusion, controls coverage, not how artfully a claim is drafted to bring inclusion within the coverage language and to avoid the exclusion language. Thus, the underlying facts and circumstances of the claim, rather than the theory of the claim, determine whether or not the exclusion applies. See *Continental Cas. Co. v. HSI Financial Svcs.*, supra at 262; *Dynamic Cleaning Svc. v. First Financial Ins. Co.*, supra at 39; *Gary L. Shaw Builders v. State Auto. Mut. Ins. Co.*, 182 Ga. App. 220, 222-224 (2) (355 SE2d 130) (1987). Accordingly, the trial court erred in granting summary judgment to Pat's Rentals and Unisun and in denying summary judgment to Grain Dealers.

(b) The secondary coverage for liability for punitive damages only, arising out of the negligent hiring or the negligent retention of the insured employee, Reed, is imposed upon Grain Dealers under the CGL policy, because the punitive damages: (1) are not expressly excluded by the policy language; (2) would arise directly and proximately from the alleged aggravating circumstances under OCGA § 51-12-5.1 (b) of the negligent hiring or negligent retention as part of the operation of Pat's Rentals; and (3) would only incidentally arise from the operation of a motor vehicle, while the CGL policy's automobile exclusion seeks to exclude only primary and secondary coverage for general and special damages, i.e., "bodily injury" and "property damage."

By its plain and unambiguous language, the automobile exclusion applies only to "bodily injury" and "property damage." Since the passage of OCGA § 51-12-5.1 (c) in 1987, "[p]unitive damages shall be awarded not as compensation to a plaintiff but solely to punish, penalize, or deter a defendant." Thus, punitive damages are neither "bodily injury" nor "property damage" and clearly do not come within the plain language of the CGL policy automobile exclusion. See *Continental Cas. Co. v. HSI Financial Svcs.*, supra at 262-263; *Dynamic Cleaning Svc. v. First Financial Ins. Co.*, supra at 39; *Gary L. Shaw Builders v. State Auto. Mut. Ins. Co.*, supra at 222. Therefore, the CGL policy of Grain Dealers provides secondary liability coverage for punitive damages, while Unisun provides primary liability coverage for all damages.

By the terms of its CGL policy, Grain Dealers could have expressly, clearly, and unambiguously excluded coverage for punitive damages under OCGA § 51-12-5.1, but it did not do so. *Grimes v. St. Paul Fire &c. Ins. Co.*, 184 Ga. App. 219 (1) (361 SE2d 389) (1987); see factually *Southern v. Sphere-Drake Ins. Co.*, supra; *Canal Indem. Co. v. Blackshear Farmers Tobacco Warehouse*, 227 Ga. App. 637, 640 (3) (490 SE2d 129) (1997). Punitive damages are a legal item of damages which a party may insure against. *Greenwood Cemetery v. Travelers Indem. Co.*, 238 Ga. 313, 316-317 (232 SE2d 910) (1977); *Fed. Ins. Co. v. Nat. Distrib. Co.*, 203 Ga. App. 763, 768 (3) (417 SE2d 671) (1992).

A liability policy of insurance must be construed strictly against the insurer as the drafter of the policy; coverage for punitive damages will be excluded from policy coverage only when the policy expressly and unambiguously makes such written exclusion in the policy, or by statute, as in the Uninsured Motorist Act. *Richards v. Hanover Ins. Co.*, 250 Ga. 613, 615 (299 SE2d 561) (1983); *Brock*, supra at 296-297; *Roman v. Terrell*, 195 Ga. App. 219, 220-221 (393 SE2d 83) (1990); *Coker v. State Farm Mut. Auto. Ins. Co.*, 193 Ga. App. 423 (388 SE2d 34) (1989); cf. *State Farm Mut. Ins. Co. v.*

*Kuharik*, 179 Ga. App. 568 (347 SE2d 281) (1986). Thus, the automobile exclusion had the legal effect of preventing coverage only for primary or secondary liability for general or special damages, i.e., "bodily injury" and "property damage," arising out of the use of a motor vehicle, but does not exclude secondary coverage for punitive damages for negligent hiring or negligent retention of an employee under aggravating circumstances which results in personal injuries caused by use of a motor vehicle.

The very nature of the automobile exclusion, when considered with the general nature of claims for negligent hiring or negligent retention, creates an ambiguity as to coverage for punitive damages; punitive damages are more likely to arise under such theories of liability than under general negligent use of a motor vehicle and would place the insured at greater need for indemnification. Therefore, absent a specific written exclusion of punitive damages as an express part of the automobile exclusion, secondary coverage for punitive damages exists under the CGL policy issued by Grain Dealers. See generally *Fed. Ins. Co. v. Nat. Distrib. Co.*, supra at 768.

*Judgment reversed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 2, 1997 —
RECONSIDERATIONS DENIED OCTOBER 21, 1997 —

*Bovis, Kyle & Burch, William B. Barrickman, Jana B. Tabor*, for appellant.

*Chambers, Mabry, McClelland & Brooks, Robert M. Darroch, Susan G. James*, for appellees.