## S98G0277. GRAIN DEALERS MUTUAL INSURANCE COMPANY v. PAT'S RENTALS, INC. et al.
### (505 SE2d 729)

SEARS, Justice.

We granted certiorari in this case[1] to consider whether the Court of Appeals correctly held that, even though the insurance policy in this case excluded coverage for the bodily injury and property damage claims asserted by the plaintiff, the policy nevertheless provided coverage for punitive damages arising from those claims. Because the insurance policy plainly provides that the insurance company will pay damages only for certain injuries "to which this insurance applies," and because, as correctly held by the Court of Appeals,[2] the insurance policy does not apply to the underlying injuries in this case, we hold that the policy excludes coverage for punitive damages. Accordingly, we reverse the judgment of the Court of Appeals.

On November 16, 1994, a car accident occurred between a Honda Prelude driven by Susanne Sanders, a minor, and a van owned by Pat's Rentals and driven by Travis Reed, an employee of Pat's Rentals. Susanne Sanders was injured in the accident, and her parents filed suit against Reed and Pat's Rentals in the Superior Court of

---

[1] See *Grain Dealers Mut. Ins. Co. v. Pat's Rentals,* 228 Ga. App. 854 (492 SE2d 702) (1997).

[2] *Grain Dealers,* 228 Ga. App. at 855-856.

Elbert County. The complaint, among other things, alleged that Pat's Rentals negligently hired and retained Travis Reed.

At the time of the accident, Pat's Rentals was insured under two insurance policies. The appellant, Grain Dealers Mutual Insurance Company, had issued a commercial general liability insurance policy (CGL) and Unisun Insurance Company had issued a motor vehicle liability policy. Unisun undertook defense of the Sanderses' action under a reservation of rights. Pat's Rentals then tendered the defense of the negligent hiring and retention claims to Grain Dealers. At that time, Grain Dealers asserted that, pursuant to the automobile exclusion in its CGL policy, it had no duty to defend or indemnify Pat's Rentals. Pat's Rentals and Unisun then filed suit in DeKalb Superior Court against Grain Dealers for its refusal to defend the negligent hiring and retention claims. The trial court granted summary judgment to Pat's Rentals and Unisun, and denied Grain Dealers' cross-motion for summary judgment. The Court of Appeals reversed the grant of summary judgment, holding that the automobile exclusion in Grain Dealers' policy eliminated coverage for the claims of negligent hiring and retention. The Court of Appeals, however, did conclude that punitive damages arising out of the claims for negligent hiring and retention were covered under Grain Dealers' policy. We granted certiorari to review this latter holding.

In concluding that the Grain Dealers' policy covered punitive damages arising from the claims for negligent hiring and retention, the Court of Appeals pointed to no provision in the Grain Dealers' policy that provided this coverage. The language of the policy, however, is the decisive factor in determining whether punitive damages are covered, and the only provision in the policy under which this coverage might fall provides as follows:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury," "property damage," "personal injury" or "advertising injury" to which this insurance applies.[3]

In determining whether the punitive damages stemming from the Sanderses' claims for negligent hiring and retention are "sums" that Grain Dealers has agreed to pay under the policy, we must bear in mind that

> [u]nder Georgia law, an insurance company is free to fix the terms of its policies as it sees fit, so long as such terms are

---

[3] Based upon the definitions contained in Grain Dealers' policy, the terms "personal injury" and "advertising injury" are not relevant to this action.

not contrary to law, and it is equally free to insure against certain risks while excluding others. As is the case with all contracts, unambiguous terms of an insurance policy require no construction, and the plain meaning of such terms must be given full effect, regardless of whether they might be beneficial to the insurer or detrimental to the insured.[4]

Under the plain language of the foregoing provision, for Grain Dealers to be required to indemnify Pat's Rentals for punitive damages, Pat's Rentals must become legally obligated to pay them "because of 'bodily injury,' [or] 'property damage,' . . . *to which this insurance applies.*" (Emphasis supplied.) As the Court of Appeals correctly held in Division (a) of its opinion,[5] the motor vehicle exclusion in Grain Dealers' policy specifically provides that "[t]his insurance does not apply to . . . '[b]odily injury' or 'property damage' " claims of the type asserted against Pat's Rentals by the Sanderses. Thus, under the facts of this case, Pat's Rentals could not become legally obligated to pay punitive damages because of "bodily injury" and "property damage" *"to which this insurance applies."*[6] Because the plain language of the policy mandates the conclusion that it does not provide coverage for punitive damages, we reverse the Court of Appeals' holding to the contrary.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 14, 1998.

*Bovis, Kyle & Burch, William B. Barrickman, Jana B. Tabor,* for appellant.

*Chambers, Mabry, McClelland & Brooks, Robert M. Darroch, Christian G. Henry, Susan G. James, Blasingame, Burch, Garrard, Bryant & Ashley, E. Davison Burch, Thomas H. Rogers, Jr., Fitzpatrick & Camp, Barry L. Fitzpatrick,* for appellees.

---

[4] *Continental Cas. Co. v. HSI Financial Svcs.,* 266 Ga. 260, 262 (466 SE2d 4) (1996). Accord *Park 'N Go of Ga. v. U. S. Fidelity &c. Co.,* 266 Ga. 787, 791 (471 SE2d 500) (1996).

[5] *Grain Dealers,* 228 Ga. App. at 855-856.

[6] Compare *Greenwood Cemetery v. Travelers Indem. Co.,* 238 Ga. 313, 315-317 (232 SE2d 910) (1977), in which this Court held that the insurer was required to pay punitive damages under a provision in its policy requiring it to " 'pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages (1) *for* . . . mental anguish . . . [b]ecause of any professional malpractice, error or mistake in . . . any conduct . . . by the insured.' " (Emphasis in original.)