A05A0341. STRICKLAND et al. v. AUTO-OWNERS INSURANCE COMPANY.

(615 SE2d 808)

BLACKBURN, Presiding Judge.

In this declaratory judgment action based on a claim of wrongful death, Wanda Truett Strickland, individually, and Nathan Dennis Strickland and Timothy Wayne Strickland, as co-administrators of the estate of Dilmus Wayne Strickland (the "Stricklands"), appeal the trial court's grant of summary judgment to Auto-Owners Insurance Company ("Auto-Owners"), based on its finding that the subject collision is excluded from coverage by SG Transportation, Inc.'s ("SG") general commercial liability policy. The Stricklands contend that material issues of fact remain regarding the applicability of a policy exclusion, and, in turn, Auto-Owners's obligation to provide coverage for this incident to Rodney Wayne George and SG, the defendants in the underlying wrongful death action. For the reasons set forth below, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

Viewed in this light, the record shows that, on December 14, 2000, George was driving his tractor and was hauling a trailer owned by SG. At the time, George was operating the tractor pursuant to a Contractor Operating Agreement (the "Agreement") with SG, a motor common carrier. Pursuant to this Agreement, George would use his tractor to haul SG's loads on its trailers and would receive a percentage of the revenues received, a common practice in the industry. While George was hauling a load for SG, the tractor-trailer jackknifed due to defective brakes on both the tractor and the trailer, and the trailer crossed the centerline and collided with another tractor-trailer driven by Dilmus.

The following facts are undisputed: (1) Dilmus's death resulted from George's operation of the tractor-trailer and the defective brakes; (2) the tractor was owned by George; (3) the trailer was owned by SG;

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

(4) George was an independent contractor of SG and was not an insured under SG's general commercial liability policy with Auto-Owners.

Because of the many different arrangements of the drivers and equipment controlling the hauling of their freight loads, it is a common industry practice for motor common carriers such as SG to obtain two separate policies of insurance to provide seamless coverage for different risks: (1) a commercial general liability policy such as the one in question, which excludes motor vehicle liability and (2) a separate policy to cover motor vehicle liability exposure. To prevent duplicative premiums and overlapping coverage, exclusions are included in the commercial general liability policy to make it clear that, although it covers most accidents in the workplace, it explicitly does not cover motor vehicle collisions. SG had such an insurance arrangement in place here, and, as motor vehicle accidents were excluded under SG's general commercial liability policy, it obtained a separate policy from Underwriters Service Company, Inc. to provide such coverage.

SG's Auto-Owners policy exclusion which is in question provides as follows: "This insurance [policy] does not apply to . . . 'Bodily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft owned or operated by or rented or loaned to any insured."

Following the accident between George and Dilmus, the Stricklands filed a wrongful death claim against both George and SG, and they sought coverage from Auto-Owners. Auto-Owners, however, disputed coverage, arguing that: (1) the Stricklands' claims were covered by separate motor vehicle coverage under the insurance policy from Underwriters; and (2) the accident was excluded under Auto-Owners's policy with SG because motor vehicle accidents in general, including the tractor driven by George and the trailer owned by SG, were not covered by the policy. In this ensuing declaratory judgment action, the trial court agreed with Auto-Owners's contentions, granting summary judgment to Auto-Owners. The Stricklands now appeal this ruling.

1. In considering this case, our prior decision in *Grain Dealers Mut. Ins. Co. v. Pat's Rentals*[2] is instructive. In *Grain Dealers*, this Court analyzed the industry standards for insurance coverage in cases such as this. Therein, the defendant had a commercial general liability policy with an exclusion identical to the one at issue in this case. The defendant also had a motor vehicle liability policy from another insurance company which covered the very risk excluded

---

[2] *Grain Dealers Mut. Ins. Co. v. Pat's Rentals*, 228 Ga. App. 854 (492 SE2d 702) (1997).

from coverage under the commercial general liability policy.

In considering coverage to third parties injured in trucking accidents, we held:

> Clearly, Grain Dealers fixed the limits of its risk by use of the motor vehicle exclusion language, which also excludes liability for negligent hiring or retention for "bodily injury" or "property damages" arising out of use of a motor vehicle. Pat's Rentals knowingly accepted the policy with this clear and unambiguous exclusion and obtained motor vehicle coverage from Unisun to cover the specifically excluded risk in the CGL policy. The intent of the policy, coupled with the exclusion, controls coverage, not how artfully a claim is drafted to bring inclusion within the coverage language and to avoid the exclusion language. Thus, the underlying facts and circumstances of the claim, rather than the theory of the claim, determine whether or not the exclusion applies. Accordingly, the trial court erred in granting summary judgment to Pat's Rentals and Unisun and in denying summary judgment to Grain Dealers.

(Citations omitted.) *Grain Dealers*, supra at 856 (a).

*Grain Dealers* further explains that "the expectations of the insured and the insurers were that there would be two policies of insurance without overlapping coverage and that each insurer would accept a premium for a specific risk insured against as insurance specialists." Id.

The same reasoning is applicable in this case. Here, SG purchased motor vehicle coverage from Underwriters to cover the exact risk excluded under the policy with Auto-Owners. SG did so with the expectation that it would be fully covered by the interaction of the two policies as contemplated in *Grain Dealers*. Therefore, given the standard practices of the trucking industry as considered in *Grain Dealers*, we cannot say under the circumstances of this case that the trial court erred by granting summary judgment to Auto-Owners.

And, the Stricklands' assertion that the motor vehicle policy was not part of the evidence submitted by Auto-Owners in support of its motion for summary judgment and could not be considered by the trial court does not change this result. In its order granting summary judgment to Auto-Owners, the trial court stated:

> Plaintiff made this factual assertion [regarding the existence of trucking liability coverage] within its written Brief in Support of Motion for Summary Judgment *and during the February 19, 2004 hearing* without objection by Defendants;

therefore, the Court shall accept these factual assertions as being true.

(Emphasis supplied.)

Despite the trial court's statement that it considered evidence during the summary judgment hearing, no transcript of that hearing has been submitted to this Court, and the Stricklands have not requested it to prove their contention.

It is well established that the burden is on the party alleging error to show it by the record and that where the proof necessary for determination of the issues on appeal is omitted from the record, an appellate court must assume that the judgment below was correct and affirm.

(Punctuation omitted.) *Griffin v. Travelers Ins. Co.*[3]

Due to the lack of a transcript, this Court cannot assume that no evidence was considered by the court during the summary judgment hearing. In fact, we must assume just the opposite.

Under these circumstances, we must rely on the presumption in favor of the regularity of all proceedings in a court of competent jurisdiction, assume that the evidence was sufficient to support the trial court's ruling, and affirm the judgment. When there is nothing in the record to support the contention of error, there is nothing presented to this [C]ourt for review.

(Citations and punctuation omitted.) *City of Atlanta v. Starke.*[4]

Therefore, applying the presumption of regularity in proceedings, we assume that the trial court, as indicated in its order, considered evidence of SG's motor vehicle insurance policy with Underwriters during the summary judgment hearing.[5] Therefore, the Stricklands' unsupported contention that no evidence of the Underwriters policy was considered must fail on appeal.

2. The Stricklands further contend that the accident was not excluded under Auto-Owners's policy with SG. Specifically, the Stricklands contend that George's truck was not leased or rented to SG, and,

---

[3] *Griffin v. Travelers Ins. Co.*, 230 Ga. App. 665, 666 (497 SE2d 257) (1998).

[4] *City of Atlanta v. Starke*, 192 Ga. App. 267, 268-269 (1) (c) (384 SE2d 419) (1989).

[5] Moreover, we note that, in response to Auto-Owners's appeal, the Stricklands do not contest Auto-Owners's representations that the Underwriters policy exists and that the Stricklands have already been paid pursuant to that policy.

as such, the truck was excluded from coverage, but not SG's trailer, and therefore SG is covered under this policy for this accident. Contrary to the Stricklands' contentions, under the clear language of the exclusion, the Auto-Owners policy did not provide coverage for motor vehicle accidents at all, even those involving SG's equipment or drivers. As such, the nature of the rental agreement between George and SG is not dispositive of the issue, as found by the trial court. However, we will affirm the decision of a trial court that is right for any reason. *Johnson v. Equicredit Corp.*[6]

"Insurance in Georgia is a matter of contract, and we have long held that contract disputes are well suited for adjudication by summary judgment because construction of a contract is ordinarily a matter of law for the court." (Citation and punctuation omitted.) *Nationwide Mut. Fire Ins. Co. v. Somers.*[7]

Moreover, the record supports the trial court's conclusion that George had rented his tractor to SG as a matter of law. Although the Agreement between George and SG makes no explicit reference to a lease or payment of rent, Appendix A thereof, referring to George's tractor as the "equipment," explicitly states: "Received of Rodney George Trucking 'contractor' the equipment on at [sic] Farmerville, Louisiana," designating the equipment as SG Unit #931. Appendix B provides that George will be paid 72 percent of the revenue received by SG.

In exchange for 72 percent of SG's revenue for the loads hauled by George, it would receive the services of George as the driver and of his tractor to haul SG's trailers. Under the Agreement, although inartfully documented, SG clearly paid for the use of George's tractor. Pursuant to the Agreement, SG placed its own placards and vehicle identification number on George's vehicle. In addition, neither George nor SG has ever disputed Auto-Owners's contention that the Agreement constituted a lease between them.

Given the facts of this case, we must be mindful of *Grain Dealers'* admonition:

> The intent of the policy, coupled with the exclusion, controls coverage, not how artfully a claim is drafted to bring inclusion within the coverage language and to avoid the exclusion language. Thus, the underlying facts and circumstances of the claim, rather than the theory of the claim, determine whether or not the exclusion applies.

[6] *Johnson v. Equicredit Corp.*, 238 Ga. App. 380, 381 (1) (517 SE2d 353) (1999).

[7] *Nationwide Mut. Fire Ins. Co. v. Somers*, 264 Ga. App. 421, 423 (1) (591 SE2d 430) (2003).

*Grain Dealers*, supra at 856 (a).

Here, following the common practice of the industry, SG entered into a lease with George for his tractor and services. SG separately provided auto accident insurance policies to cover this incident, which was excluded under the Auto-Owners policy.

Based on the clear language of the exclusion at issue here, the Auto-Owners policy purchased by SG did not cover motor vehicle accidents occurring in the course of SG's business at all. That was the purpose of the Underwriters policy. Accordingly, we must affirm the trial court.

3. Given our holding above, we need not address the Stricklands' remaining enumerations of error.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED JUNE 15, 2005.

*John E. Kardos*, for appellants.

*Blasingame, Burch, Garrard, Bryant & Ashley, M. Steven Heath, Josh B. Wages*, for appellee.