WILLIAM M. RAY, II, United States District Judge
This matter is before the Court on Plaintiffs Travelers Indemnity Co. of Connecticut's and Travelers Indemnity Co.'s (hereinafter "Travelers") Motion for Summary Judgment (Doc. 46), in which Travelers seeks declaratory judgment that Travelers has no duty to provide a defense for Defendants or to provide indemnification for any settlement or judgment to Defendants for the claims asserted against them in the Underlying Action. For the following reasons, Travelers' Motion for Summary Judgment is GRANTED .
I. BACKGROUND
On November 23, 2016, Defendant Volinski ("Volinski") was driving a 2001 GMC Jimmy with Kevin Maull ("Maull") as a passenger when she lost control of the vehicle, resulting in the ejection of both Volinski and Maull. (Doc. 30-1 at ¶¶ 9-11.) At the time of the accident, Volinski had left work and had spent a few hours at her apartment before leaving with Maull in the GMC Jimmy to take Maull to his job. (Doc. 47-2 at ¶¶ 13-14.)
Volinski was employed by Peachstate (collectively, with Flor & Floyd and Oxford, the "Corporate Defendants") as a filer. (Id. at ¶ 21.) Her job duties were entirely clerical and included cleaning out and organizing files and answering phone calls. (Id. ) Her job duties did not, however, include driving, and she was never paid for her time driving to and from work, even when driving the GMC Jimmy. (Id. at ¶¶ 22-23.)
The GMC Jimmy involved in the accident was personally owned and personally insured by Defendant Christopher Flor ("Flor"), an executive officer of the Corporate Defendants. (Id. at ¶ 24.) The vehicle was "wrapped" with advertising for the Corporate Defendants and generally remained at various locations to help with visibility and advertising for the Corporate Defendants. (Id. at ¶¶ 26, 28.) The employees of the Corporate Defendants did not readily have access to the GMC Jimmy, which was only available upon the permission of Flor. (Id. at ¶¶ 31-32.)
Apart from Flor's personal insurance policy, the Corporate Defendants obtained general liability and umbrella policies from Travelers. (Id. at ¶¶ 35, 44.) The corporate policies excluded coverage for bodily injury arising out of the use of any vehicle operated by the insureds. (Id. at ¶ 39.) However, the corporate policies contained an Endorsement that modified the general exclusion to provide coverage for bodily injury arising from the use of a "hired auto" or "nonowned auto." (Id. at ¶¶ 40-41.) This Endorsement specifically did not apply to vehicles used in the course and scope of the Corporate Defendants' business at the time of an occurrence. (Id. at ¶ 42.)
In a lawsuit currently pending in state court (the "Underlying Action"), Defendant *1261 Daisy Davis ("Davis"), as representative of Maull, asserts claims against the Corporate Defendants, Flor, and Volinski stemming from the single-vehicle accident on November 23, 2016. (Doc. 30-1.) The complaint in the Underlying Action alleges that the GMC Jimmy was covered in advertisements for the purpose of promoting the business of the Corporate Defendants and was used for the purpose of providing transportation to an employee for the furtherance of the Corporate Defendants' business. (Id. at ¶¶ 25-26.) Davis claims that as a result of Defendants' negligence, Maull suffered a traumatic brain injury that led to a permanent vegetative state. (Id. at ¶ 32.) Davis is ultimately seeking recovery for past and future medical expenses, lost wages and fringe benefits, and past and future pain and suffering. (Id. at ¶¶ 33-35.)
Travelers agreed to provide a defense for and indemnify the Corporate Defendants for the Underlying Action subject to a full reservation of rights under the insurance policy provided to the Corporate Defendants. (Doc. 47-2 at ¶ 11.) Travelers subsequently filed this declaratory action seeking a determination that it has no duty to defend or to indemnify Defendants for the claims asserted in the Underlying Action. Travelers now moves for summary judgment.
II. LEGAL STANDARD
Under Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of showing the absence of a genuine issue of material fact, looking at the evidence in the light most favorable to the nonmovant. Adickes v. S. H. Kress & Co. , 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) ; Celotex Corp. v. Catrett , 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ("[A] party seeking summary judgment always bears the initial responsibility of informing the...court of the basis for its motion, and identifying those portions of [the record] ...which it believes demonstrate the absence of a genuine issue of material fact."). After a motion for summary judgment has been properly supported, the nonmovant must present affirmative evidence "from which a jury might return a verdict in his favor" and that demonstrates the presence of "a genuine issue of fact that requires a trial." Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Miranda v. B & B Cash Grocery Store, Inc. , 975 F.2d 1518, 1534 (11th Cir. 1992) (citing Mercantile Bank & Trust v. Fidelity & Deposit Co. , 750 F.2d 838, 841 (11th Cir. 1985) ).
III. DISCUSSION
Travelers seeks a declaration from this Court that it has no duty to defend or indemnify Defendants in the Underlying Action because the Underlying Action does not fall within the insurance policies as modified by the "Hired Auto and Nonowned Auto Liability" Endorsement. Whether an insurer has the duty to defend "depends on the language of the [insurance] policy as compared with the allegations of the complaint." Hoover v. Maxum Indem. Co. , 291 Ga. 402, 407-8, 730 S.E.2d 413 (2012). See also Nationwide Mut. Fire Ins. Co. v. Somers , 264 Ga. App. 421, 424, 591 S.E.2d 430 (2003) (noting that the court "look[s] to the allegations of the complaint to determine whether a claim covered by the policy is asserted." (quoting *1262 City of Atlanta v. St. Paul Fire Ins. Co. , 231 Ga. App. 206, 207, 498 S.E.2d 782 (1998) )). "If the facts as alleged in the complaint even arguably bring the occurrence within the policy's coverage, the insurer has a duty to defend the action." City of Atlanta , 231 Ga. App. at 207, 498 S.E.2d 782 (citing Penn-America Ins. Co. v. Disabled Am. Veterans , 224 Ga. App. 557, 559, 481 S.E.2d 850 (1997), aff'd, 268 Ga. 564, 490 S.E.2d 374 (1997) ). However, coverage does not depend on "how artfully a claim is drafted," but rather is controlled by "the underlying facts and circumstances of the claim[.]" Video Warehouse, Inc. v. Southern Trust Ins. Co. , 297 Ga. App. 788, 792, 678 S.E.2d 484 (internal citations omitted). See also Strickland v. Auto-Owners Ins. Co. , 273 Ga. App. 662, 664, 615 S.E.2d 808 (2005) ("The intent of the policy, coupled with the exclusion, controls coverage, not how artfully a claim is drafted to bring inclusion within the coverage language and to avoid the exclusion language." (quoting Grain Dealers Mut. Ins. Co. v. Pat's Rentals , 228 Ga. App. 854, 492 S.E.2d 702 (1997) )).
Travelers does not have a duty to defend the Defendants because the insurance policies do not cover the facts of the Underlying Action. The contract of liability insurance at issue in this case generally excludes coverage for bodily injury caused by motor vehicle accidents. However, the policies provide limited coverage under a "Hired Auto and Nonowned Auto Liability" Endorsement for " 'bodily injury'...arising out of the maintenance or use of a 'hired auto' or 'nonowned auto.' " Specifically, the policy defines "hired auto" and "nonowned auto" as follows:
"Hired auto" means any "auto" [Peachstate, Flor & Floyd, or Oxford] lease, rent or borrow. This does not include:
...
b. Any "auto" [Peachstate, Flor & Floyd, or Oxford] lease[s], hire[s], rent[s] or borrow[s] from any of [their] "employees," partners, stockholders, or members of their households.
"Nonowned auto" means any "autos" [Peachstate, Flor & Floyd, or Oxford] do not own, lease, hire, rent or borrow that are being used in the course and scope of [Peachstate, Flor & Floyd, or Oxford's] business at the time of an "occurrence." This includes "autos" owned by [Peachstate, Flor & Floyd, or Oxford's] "employee's or partners or members of their households but only while being used in the course and scope of [Peachstate, Flor & Floyd, or Oxford's] business at the time of the "occurrence."
(Doc. 46 at ¶ 5.)
The vehicle at issue does not qualify as a "hired auto" under the policies because it was not leased, rented, or borrowed by the Corporate Defendants. ( [Doc. 47-2, at ¶ 33]; [Doc. 52-2, at ¶ 33]; [Doc. 53-1, at ¶ 33.] ) Furthermore, even if it were leased, rented, or borrowed by the Corporate Defendants, the vehicle is owned by Defendant Flor-an employee, partner, or stockholder of the Corporate Defendants-and would thus be excluded from coverage under the policies. Thus, the only question remaining is whether the vehicle qualifies as a "nonowned auto" under the Endorsement, which requires that the vehicle was being used in the course and scope of the Corporate Defendants' business at the time of the accident.
The Endorsement does not define "course and scope of business." As such, the term should be construed in accordance with its commonly used meaning. Broad v. Hitts , No. 5:08-CV-366, 2011 WL 4543874, at *3 (M.D. Ga. Sept. 30, 2011). Furthermore, Georgia courts have analyzed these terms in the liability context under the same test used in respondeat superior and workers' compensation actions.
*1263 See, e.g. , SCI Liquidating Corp. v. Hartford Ins. Co. , 272 Ga. 293, 294, 526 S.E.2d 555 (2000) ("[T]he same reasoning used in workers' compensation cases has been held to be applicable to general liability cases."); Ga. Interlocal Risk Mgmt. Agency v. Godfrey , 273 Ga. App. 77, 81, 614 S.E.2d 201 (2005) (noting that "[t]he statutory and coverage language" of general liability "is similar to that used by [the] courts in applying the theory of respondeat superior.").[1]
The Underlying Complaint alleges that Defendant Volinski was operating the vehicle on behalf of the Corporate Defendants to promote the business of the Corporate Defendants at the time of the accident. (Doc. 1-2 at ¶¶ 12, 25.) However, Defendant Volinski admitted that she "was not on official company business and thus was not in the 'course and scope of her employment' " for the Corporate Defendants at the time of the accident. (Doc. 47-7 at ¶¶ 7, 12.) Furthermore, the Corporate Defendants unambiguously denied that the vehicle was being used in the course and scope of their business at the time of the accident. (Doc. 47-8 at ¶ 9.)[2] Rather, Defendant Volinski, after returning home from work, used the vehicle in question to take her boyfriend, Kevin Maull, to his job. This errand was purely personal and had no connection with the business of the Corporate Defendants, despite the incidental benefit potentially received from the advertisement exposure.
Defendants argue that there is, at a minimum, a jury issue as to whether the Corporate Defendants derived a business benefit from the use of the vehicle, thus bringing Defendant Volinksi's use of the vehicle within the course and scope of the Corporate Defendants' business. However, the cases relied on by Defendants are easily distinguishable. For example, in Hartford Cas. Ins. Co. v. Smith , 268 Ga. App. 224, 603 S.E.2d 298 (2004), the driver testified that, at the time of the accident, he was preparing for a business event. In American Southern Ins. Co. v. Golden , 188 Ga. App. 585, 373 S.E.2d 652 (1988), the GBI agent was involved in a collision while he was driving home from a meeting with another GBI agent wherein they discussed an informant. Id. at 586-87, 373 S.E.2d 652. Furthermore, the GBI agent "was on duty at all times [ ]unless he was taking annual or sick leave[ ]." Id.
*1264 Here, in contrast, the undisputed facts demonstrate that Defendant Volinski was not acting within the course and scope of the business at the time of the accident. (See [Doc. 52-2 at ¶¶ 15, 34]; [Doc. 51-1 at ¶¶ 15, 34.] ) In fact, there is no evidence showing that Defendant Volinski's operation of the vehicle at the time of the accident had any connection with her employment or with Defendants' business, other than that the vehicle was covered in the Corporate Defendants' advertisements. These advertisements, though, are insufficient to demonstrate that a person is within the course of business. See, e.g. , Williams v. Chick-fil-A, Inc. , 274 Ga. App. 169, 171, 617 S.E.2d 153 (2005) ("[T]he fact that the business might have received some incidental advertising benefit from signs on a vehicle negligently driven by the [defendant] would not authorize a jury to find the business liable for the driver's negligence."); Atlanta Blue Print & Photo Reproduction Co. v. Kemp , 130 Ga. App. 778, 778, 204 S.E.2d 515 (1974) ("The fact that the defendant employer's name was printed on the exterior of the truck, thereby possibly conferring some incidental benefit to the employer by way of advertisement, does not make the use within the employee's scope of employment."); Burns v. United Parcel Service, Inc. , 135 Ga. App. 890, 890, 219 S.E.2d 624 (1975) (holding that the distinctive UPS insignia was insufficient to authorize an inference that the driver was an agent or employee and was acting in the course of his employment).
Defendants further argue that Travelers must at a minimum defend the suit, regardless of the resolution regarding its duty to indemnify. See Johansen v. Liberty Mut. Ins. Co. , No. 3:10-CV-0088-WBH, 2012 WL 13029073 (N.D. Ga. August 23, 2012) ("[T]he insurer must defend the suit even if the suit is entirely groundless and the 'true facts of the case show no coverage.' " (quoting Great American Ins. Co. v. McKemie , 244 Ga. 84, 85, 259 S.E.2d 39 (1979) )). However, "a distinction must be drawn between groundless suits and actions which, even if successful would not be within the policy coverage." McKemie , 244 Ga. at 85, 259 S.E.2d 39 (internal citations omitted). "A claim based on [t]rue facts not within coverage is not groundless within the meaning of the policy, but simply one for which liability insurance is not afforded and which the insurer did not undertake to defend." Id. Assuming the underlying facts to be true, the Underlying Action is not groundless; it simply is not covered by the liability insurance provided by Travelers and contracted for by the Corporate Defendants. Thus, Travelers does not have a duty to defend Defendants as a matter of law.
Since Travelers does not have a duty to defend, Travelers also does not have a duty to indemnify. Though the duty to defend and the duty to indemnify are independent obligations and should generally be analyzed separately, see, e.g. , Nationwide Mut. Fire. Ins. Co. v. Somers , 264 Ga. App. 421, 424, 591 S.E.2d 430 (2003), the absence of a duty to defend is dispositive of the duty to indemnify. See, e.g. , National Cas. Co. v. Pickens , 582 Fed. Appx. 839, 841 (11th Cir. 2014) (per curiam) ("If there is no duty to defend, there is no duty to indemnify."); Shafe v. American States Ins. Co. , 288 Ga. App. 315, 317, 653 S.E.2d 870 (2007) ("[A]n insurer's duty to defend is broader than its duty to indemnify."); Sikirica v. Nationwide Ins. Co. , 416 F.3d 214, 225 (3d Cir. 2005) (noting that because the duty to defend is broader in scope than the duty to indemnify, "there is no duty to indemnify if there is no duty to defend.").
*1265 IV. CONCLUSION
For the reasons stated above, Travelers' Motion for Summary Judgment is GRANTED.
IT IS SO ORDERED , this 12th day of February, 2019.

In the context of respondeat superior, Georgia law has defined this term to exclude actions taken "not by reason of the employment, but because of a matter disconnected therewith[.]" Piedmont Hosp., Inc. v. Palladino , 276 Ga. 612, 612, 580 S.E.2d 215 (2003). Thus, if an employee acts "not in furtherance of the employer's business, 'but rather for purely personal reasons disconnected from the authorized business of the master,' the employee's actions are not within the course and scope of business." Id. (quoting Lucas v. Hosp. Auth. of Dougherty County , 193 Ga. App. 595, 596, 388 S.E.2d 871 (1989) ). See also Eason v. Joy Floral Co. , 34 Ga. App. 501, 130 S.E. 352 (1925) (explaining that an employer is not liable for his employee's actions, even if the employee uses the employer's vehicle, if the employee was not engaged in the employer's business at the time).

Georgia courts have considered evidence other than the Underlying Complaint in declaratory judgment actions involving insurance coverage disputes. For example, in Currington v. Federated Mut. Ins. Co. , 145 Ga. App. 350, 243 S.E.2d 713 (1978), the court admitted an affidavit into evidence at a summary judgment hearing. From a policy standpoint, this result makes sense. If the Court could only consider allegations in the Underlying Complaint, declaratory actions would be useless to resolve insurance disputes. Rather, complaining parties would mirror their complaints to the insurance policy to bring the complaint under coverage, regardless of whether the facts actually supported application of the policy.